864 P.2d 199

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James Hardin SLAWSON,
Defendant–Appellant.**

**No. 20265.**

Court of Appeals of Idaho.

Nov. 19, 1993.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PERRY, Judge.

James Hardin Slawson was tried before a jury on one count of burglary in the first degree, I.C. §§ 18–1401, –1402, and a second count of grand theft by possession of stolen property, I.C. § 18–2403(4). The jury returned a verdict of acquittal on the burglary count but found Slawson guilty of grand theft by possession, for which he received a sentence of two to six years. Slawson appeals from the judgment of conviction. We affirm.

Just after midnight in the early morning hours of March 6, 1992, Slawson was stopped on Georgia Street, in Nampa, for driving with a broken taillight. A routine records check revealed that Slawson was driving with a suspended license. Slawson was arrested and charged with driving while his license was suspended. While in custody, a confidential informant implicated Slawson in a burglary that had occurred on the night of March 5, 1992, during which some antiques, toolboxes, and monogrammed tools were taken from the home of E. Hill.

The missing items matched those photographed by the informant at the home of Wendy Slawson, who told the informant that she wanted to sell this stolen property.[1] Learning that Wendy Slawson was James Slawson's sister, an investigating officer went to James Slawson's vehicle, which had been locked and left at the scene of James Slawson's arrest for driving with a suspended license. The officer observed, on the front seat, a family tree ornament which he recognized as property allegedly taken in the burglary. With this information, the officer obtained a warrant to search James Slawson's vehicle and found therein, in addition to the family tree ornament, several tools inscribed with the name "E. Hill," in the back seat and in the trunk of the vehicle. Slawson was indicted by a

---

1. In a separate proceeding, Wendy Slawson was charged with and pled guilty to first degree burglary of the home of E. Hill.

grand jury on charges of burglary and of grand theft by possession of stolen property.

Following a jury trial, Slawson was convicted of grand theft by possession of stolen property. He appeals from the judgment of conviction, claiming the verdict is not supported by the evidence. He also seeks a reversal of the conviction due to errors made during trial, specifically, the district court's denial of a defense motion for a mistrial and the court's refusal to give a requested jury instruction.

## MOTION FOR MISTRIAL

At the beginning of the trial, defense counsel requested, pursuant to I.R.E. 615, that the witnesses be excluded from the courtroom so they would be unable to hear the testimony of the other witnesses. The district court granted the request and also ordered that the witnesses not discuss their testimony with one another outside of the courtroom. When two of the state's witnesses violated the order by conversing about the case, defense counsel moved for a mistrial, which the district court refused to grant as the sanction for violation of the exclusion order. On appeal, Slawson argues, albeit without citation to authority, that the district court erred in not granting a mistrial.

■ The granting or denying of a request for exclusion under I.R.E. 615 is a discretionary decision of the trial court. The appropriate remedy for a breach of an exclusion order is also committed to the sound discretion of the trial court. *Holder v. United States,* 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893); *State v. Christensen,* 100 Idaho 631, 603 P.2d 586 (1979); *State v. Danson,* 113 Idaho 746, 747 P.2d 768 (Ct. App.1987). In exercising its discretion, the trial court

> ordinarily will not exclude witnesses without a demonstration of probable prejudice. E.g., *United States v. Phifer,* 400 F.Supp. 719, 734 (E.D.Pa.1975), aff'd,

532 F.2d 748 (3d Cir.1976). Moreover, the failure of the trial judge to order a mistrial when witnesses who have violated sequestration orders nevertheless testify will not justify reversal on appeal absent a showing of prejudice sufficient to constitute an abuse of discretion. *United States v. Eastwood,* 489 F.2d 818 (5th Cir.1973).

*United States v. Warren,* 578 F.2d 1058, 1076, n. 16 (5th Cir.1978).

■ The district court heard argument on the motion for mistrial outside the presence of the jury. Defense counsel asserted he was prepared to show that, when he had interviewed this informant prior to the trial, the informant had consistently denied being paid for his services. Counsel argued that Lieutenant Smith, during a break in the trial, had produced a receipt signed by the informant and had reminded the informant that he had indeed received payment from the police. The defense thereby claimed that its anticipated attack on the credibility of the informant when he would be called to testify had been thwarted as a result of the communication between Lieutenant Smith and the informant.

■ The district court found that the order had been breached by the state's two witnesses and that the defense suffered prejudice. The court reasoned, however, that a mistrial would not cure the apparent prejudice visited upon the defense. The existence of the receipt for payment of the informant's services would be "out of the bag" with respect to any new trial that would follow a mistrial.[2] The inconsistency of Lieutenant Smith's and the informant's testimony was no longer available to defense counsel as a tool to impeach the credibility of the informant. The court held, however, that the defense would be allowed to question both offending witnesses about their noncompliance with the order, putting their credibility in issue. The court also held that defense counsel would be granted leave during argument to com-

2. Generally, a defendant's motion for mistrial removes any bar to retrial based upon the double jeopardy clause of the Fifth and Fourteenth Amendment. *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

ment on the offending witnesses' breach of the court's order.

In *State v. Danson, supra*, this Court spelled out four recognized methods of enforcing an exclusion order: (1) citing the witness for contempt, (2) permitting comment on the witness's noncompliance in order to reflect on his credibility, (3) refusing to let the witness testify, and (4) striking the witness's testimony. As previously stated, the district court considered the extent of the prejudice caused by the witnesses' violation of the order and determined that the prejudice was not sufficient to require a mistrial. The district court rightly perceived the issue as one of discretion, acted within the outer boundaries of discretion and consistent with applicable legal standards and reached its decision by an exercise of reason. *Sun Valley Shopping Center v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993 (1991). We hold, therefore, that the district court's choice of sanction was not an abuse of its discretion, and we affirm the order denying the defense's motion for mistrial.

## REFUSED JURY INSTRUCTION

■ The jury instructions given by the district court did not include an instruction requested by Slawson which read as follows:

> The mere possession of recently stolen property cannot give rise to a legal presumption of guilty knowledge and felonious intent.

The district court concluded that the requested instruction, allegedly derived from *State v. Trowbridge*, 97 Idaho 93, 540 P.2d 278 (1975), did not accurately reflect the holding of *Trowbridge*, that an inference, though not a presumption, of guilty knowledge may be drawn from the fact of one's possession of recently stolen property. The court did not instruct on such a permissible inference, and it also refused to give the instruction forbidding the use of a presumption to find guilty knowledge.

Slawson argues that the refusal to give his requested instruction left the jury to speculate about—or presume—his guilty

knowledge that the property in his car was stolen property.

■ Jury instructions are to be read as a whole to insure that they fully and fairly represent applicable law. *State v. Eastman*, 122 Idaho 87, 831 P.2d 555 (1992); *State v. Wilkerson*, 121 Idaho 345, 824 P.2d 920 (Ct.App.1992). Requested instructions do not have to be given, even if they are correct statements of law, where the subject matter is covered in other instructions actually given to the jury. *State v. Roles*, 122 Idaho 138, 832 P.2d 311 (Ct. App.1992). Therefore, if the requested instruction is either an erroneous statement of the law, adequately covered by other instructions, or not supported by the facts of the case, the instruction need not be given. *State v. Eastman, supra.*

The district court instructed the jury that the state had the burden of proving each of the elements of the crime of grand theft by possession, beyond a reasonable doubt, by either direct or circumstantial evidence. The trial court further instructed the jury on the elements of the offense charged. In addition, the trial court defined the terms "willfully" and "knowingly" in compliance with Idaho law and properly instructed the jury regarding the use of circumstantial evidence. The instruction requested by Slawson merely restated that, in order to find Slawson guilty of grand theft by possession of stolen property, the state must prove knowledge on the part of Slawson that the property in his car was stolen property.

Had the jury been instructed that it could apply a presumption to assume knowledge from the fact that the stolen property was in the possession of the defendant, this presumption would have conflicted with the "overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime." *Sandstrom v. Montana*, 442 U.S. 510, 522, 99 S.Ct. 2450, 2458, 61 L.Ed.2d 39 (1979), *quoting Morissette v. United States*, 342 U.S. 246, 274-75, 72 S.Ct. 240, 255-56, 96 L.Ed. 288 (1952). The jury was not so instructed. The district court was not bound, therefore, to instruct

on the *lack* of such a presumption, which the court concluded would have only misled and confused the jury in this case. The instructions given by the trial court, when taken as a whole, adequately and properly instructed the jury in this case. We conclude that no error was committed by the district court in refusing to give Slawson's requested instruction.

## SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE VERDICT

■ Slawson asserts that the evidence presented was not sufficient to support the verdict of guilty of grand theft by possession. He argues that by acquitting him of the burglary count, the jury necessarily found Wendy Slawson to be more credible than the informant. He submits, citing *State v. Ojeda,* 119 Idaho 862, 810 P.2d 1148 (Ct.App.1991), that a conviction cannot be based on circumstantial evidence where such evidence is capable of explanation by a reasonable hypothesis consistent with innocence. He further argues that there was no evidence from which the jury in his case could draw reasonable and justifiable inferences of guilt. We disagree.

■ The premise that circumstantial evidence is insufficient to support a guilty verdict where that evidence is reasonably susceptible to an interpretation consistent with innocence does not displace the jury's right to draw justifiable inferences from the evidence. *State v. Fenley,* 103 Idaho 199, 204, 646 P.2d 441, 446 (Ct.App.1982). The reasonableness of a hypothesis consistent with innocence must be determined from the evidence, including justifiable inferences drawn as the jury apparently drew them. *Id.* Here, the state presented evidence identifying the monogrammed tools and the family tree ornament found in Slawson's car as items taken in the burglary of the home of E. Hill. Wendy Slawson testified that she had borrowed her brother's car to commit the burglary and that she had left some stolen items in his car. The informant, however, provided additional direct evidence that he was at Wendy Slawson's apartment when James Slawson came up the stairs to the apartment carrying a tool box. He also testified that Slawson had asked him if he knew anyone who wanted to buy a skill saw and some diesel sockets and rachets.

■ On appeal, however, we are precluded from substituting our judgment for that of the jury as to the credibility of the witnesses, the weight of the testimony and the reasonable inferences to be drawn from the evidence. *State v. Campbell,* 104 Idaho 705, 718–19, 662 P.2d 1149, 1162–63 (Ct.App.1983). An appellate court must view the evidence, including permissible inferences that can be drawn reasonably from the evidence, in the light most favorable to the respondent. *State v. Decker,* 108 Idaho 683, 701 P.2d 303 (Ct.App.1985). Possession of recently stolen property is a circumstance from which a trier of fact may infer knowledge of its stolen character. *Trowbridge, supra.* Where there was substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we will not set aside a judgment of conviction entered upon a jury verdict. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson,* 101 Idaho 381, 386, 613 P.2d 938, 943 (1980); *State v. Ojeda, supra.* We find that the evidence, though conflicting in nature, was sufficient for the jury to find that Slawson had knowledge of the stolen property in his car. We conclude that the jury's verdict is supported by substantial evidence and that it should not be set aside.

We affirm the judgment of conviction.

WALTERS, C.J., and LANSING, J., concur.