**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48116**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: July 21, 2021** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| JOSIAH JOHN SCOTT, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Teton County. Hon. Steven Boyce, District Judge.

Judgment of conviction for driving under the influence, a subsequent conviction, affirmed.

Mallard Law Office, P.C.; Kelly D. Mallard, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

HUSKEY, Chief Judge

Josiah J. Scott appeals from the judgment of conviction for felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(9). Scott alleges that there is insufficient evidence to sustain his conviction of driving under the influence because the State did not prove, beyond a reasonable doubt, that Scott drove while under the influence of alcohol or while having a blood alcohol concentration of .08 or more. Because there is substantial evidence upon which a reasonable trier of fact could have found that the State sustained its burden of proving beyond a reasonable doubt that Scott drove while under the influence of alcohol, the judgment of conviction is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are not in dispute. On July 17, 2019, while driving to his job site, Scott drove off the road and his truck became stuck in an irrigation ditch. Kayla Lund drove by at approximately 3:00 p.m. and stopped to see if everything was okay; at that time Scott was sitting in the driver's seat and no one else was present. Scott stated that he was okay and a friend was on his way to assist him. Scott asked Lund not to call the police; Lund obliged and left the scene. Thereafter, Jeremy Lamb, a subcontractor working for Scott, arrived. Scott and Lamb were unable to pull the truck out of the ditch, and Lamb drove Scott to their job site.

While Scott was at the job site, Deputy Sewell received a call about an abandoned truck submerged in water in an irrigation ditch. Deputy Sewell arrived at the scene of the accident at approximately 4:45 p.m., checked the registration, and discovered that the truck had two registered owners; Amber Andrews and Scott. Deputy Sewell called Scott, who did not answer, and then Sewell called and talked to Andrews, who was unaware of the accident. Deputy Sewell called Scott again; Scott answered and said that he was on his way to the scene. Scott arrived at the scene at approximately 5:30 p.m. with Cole Vanleuven, an employee of Lamb. Deputy Sewell believed Scott appeared intoxicated; he had bloodshot and glassy eyes, a raspy voice, slurred speech, droopy eyelids, and smelled of alcohol. Additionally, Scott's feet were wet and his clothing was stained with mud and debris.

Vanleuven told Deputy Sewell that he had driven the truck off the road. Deputy Sewell found this suspicious because unlike Scott's clothes, Vanleuven's clothes were dry and clean. Deputy Sewell separated Vanleuven from Scott. Deputy Sewell told Vanleuven that if he was the driver of the truck, he would be cited for leaving the scene of an accident. In response, Vanleuven told Deputy Sewell that Scott had driven the truck and asked Vanleuven to lie about who was the driver. Scott continued to maintain that Vanleuven had driven the truck.

Deputy Sewell conducted a series of field sobriety tests on Scott. Scott failed the field sobriety tests and then refused to give a breath sample. Deputy Sewell placed Scott under arrest for driving under the influence and obtained a warrant for a blood sample. The blood sample test results indicated Scott's blood alcohol concentration was .185.

The State charged Scott with driving under the influence, a felony, and leaving the scene of an accident, a misdemeanor.[1]  The matter proceeded to a jury trial on the driving under the influence charge.  During the jury trial, Lund, Deputy Sewell, Vanleuven, Trooper Green (an officer who was sent to the job site to further investigate), and Scott testified.  Scott maintained that he did not begin drinking until arriving at the job site after the accident.  The jury found Scott guilty of driving under the influence and subsequently found that he had a prior conviction of driving under the influence in the last fifteen years.  For driving under the influence, the district court imposed a six-year sentence, with three years determinate, suspended the sentence, and placed Scott on probation.  The district court also suspended Scott's driver's license for one year.  Scott timely appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope.  A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt.  *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991).  We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.  *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).  Moreover, we will consider the evidence in the light most favorable to the prosecution.  *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence.  *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969).  In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt.

---

[1]     Scott pled guilty to leaving the scene of the accident and does not appeal the conviction on that count.

*Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

**III.**

**ANALYSIS**

Scott alleges the State did not present sufficient evidence to sustain a conviction for driving under the influence because it did not prove, beyond a reasonable doubt, that he drove while under the influence of alcohol or while having a blood alcohol concentration of .08 or more. Instead, Scott contends that the evidence only showed that he was intoxicated hours after the accident. In response, the State argues that it presented sufficient evidence supporting the inference that Scott was under the influence when he drove his truck off the road.

The information filed against Scott read, in part, that Scott:

> on or about the 17[th] of July, 2019, in the County of Teton, State of Idaho, while being under the influence of alcohol, drugs or any other intoxicating substances, or any combination of alcohol, drugs and/or any other intoxicating substances, or who has an alcohol concentration of 0.08, did drive or was in actual physical control of a motor vehicle within this state, upon a highway or street.

It is true that there was no direct testimony that Scott was intoxicated at the time he drove his truck into the irrigation ditch. However, there is substantial circumstantial evidence upon which a reasonable trier of fact could have found that the State met its burden of proving Scott drove while under the influence of alcohol.

During the trial, the State presented evidence that Scott drove his truck into an irrigation ditch while driving on a straight road during a clear, sunny, summer day. The State admitted photos that Deputy Sewell took of the accident scene, which depicted a truck in an irrigation ditch on the side of a straight, dry road. Lund, the first known person to arrive on the scene, testified that she spoke to Scott at the scene of the accident at about 3:00 p.m. Lund testified that Scott was alone; he was still in the driver's seat of the truck; and he asked her not to call law enforcement. Lund told the jury that Scott appeared "[s]uper calm and relaxed, almost dazed and confused" when she spoke to him. Because Lund found Scott's demeanor "pretty strange" and the circumstances "so crazy," she called her husband immediately after leaving the scene. Lund testified Scott was the only person at the scene of the accident when she arrived and that no one else was present when she left around 3:15 p.m.

After the accident, Scott arrived at the job site and eventually received a call from Deputy Sewell asking him to come to the scene. Vanleuven testified that Scott approached him and asked if he had been drinking. When Vanleuven replied that he was sober, Scott asked Vanleuven if he would go to the scene of the accident and tell Deputy Sewell that he drove the truck into the irrigation ditch. Deputy Sewell testified that when Scott and Vanleuven arrived at the scene, Scott presented with multiple signs of intoxication, wet shoes that matched the footprints in the mud surrounding the truck, scratches on his arms, and dirt and debris on the back of his shirt, while Vanleuven appeared clean, dry, and sober. Deputy Sewell testified that given these circumstances, he believed the story that Vanleuven, not Scott, drove the truck into the irrigation ditch to be suspicious. Vanleuven subsequently recanted his initial story.

Although there was no direct testimony that Scott appeared intoxicated immediately preceding the accident, the jury heard evidence that his demeanor was consistent with intoxication during that time; Lund testified that Scott appeared "[s]uper calm and relaxed, almost dazed and confused" when she spoke to him shortly after the accident; and Trooper Green testified that Lamb told him that Scott had a raspy voice that day. Further, there was no physical evidence to support Scott's claims that he drank at the job site; both Vanleuven and Trooper Green testified that they did not see the presence of any alcohol or alcohol containers there.

From the timeline of events, to when he arrived at the jobsite and to what he drank while there, Scott's testimony during trial conflicted with others' testimony and, at times, even his own.[2] While circumstantial and conflicting evidence was presented at trial, the credibility of the witnesses, weight given to testimony, and the reasonable inferences to be drawn from the evidence are matters to be left to the jury. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Thus, the jury could consider Scott's inconsistent testimony, as well as the fact that his testimony conflicted with the testimony of the other witnesses. The jury could also consider Scott's actions in asking Lund not to call the police and in asking Vanleuven to lie on behalf of Scott as evidence of guilt. *See State v. Pokorney*, 149 Idaho 459, 463, 235 P.3d 409, 413 (Ct. App. 2010) ("Evidence of a

---

[2] For example, in contrast to Lund's testimony, Scott testified that he arrived at the job site between 2:50 and 3:10 p.m. (Scott provided different time estimates at different points in his testimony) and proceeded to drink tequila and soda. Deputy Sewell testified that when questioned on the day of the accident, Scott said he arrived at the job site around 2:00 p.m. and proceeded to drink fours beers.

defendant's efforts to influence or affect evidence, such as intimidating a witness, offering to compensate a witness, and fabrication, destruction or concealment of evidence may be relevant to demonstrate consciousness of guilt."). When taken together, in the light most favorable to the State, there is substantial evidence upon which a reasonable trier of fact could have found the State sustained its burden of proving, beyond a reasonable doubt, that Scott drove while under the influence of alcohol.

**IV.**

**CONCLUSION**

There is substantial evidence upon which a reasonable trier of fact could have found that the State sustained its burden of proving, beyond a reasonable doubt, that Scott drove while under the influence of alcohol. Accordingly, the judgment of conviction is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.