## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48134

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 8, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| NICOLE S. ALVAREZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment of conviction for felony leaving the scene of an injury accident, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

A jury convicted Nicole S. Alvarez of felony leaving the scene of an injury accident and of misdemeanor operating a motor vehicle while under the influence of drugs or an intoxicating substance. On appeal, Alvarez challenges the sufficiency of the evidence to prove she left the scene of an injury accident and contends the district court erred by giving a nonpattern jury instruction defining "injury." We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2019, a police officer responded to a crash at an intersection in Meridian, Idaho. At the scene, the officer found only one vehicle, a black SUV. The driver of the black SUV had been driving her two children, A.L. and K.L., and another child, A.H., to soccer

1

practice. The driver of the black SUV reported that a silver SUV rear-ended her while she was waiting at a stoplight and that the silver SUV initially pulled to the side of the road but then drove away.

Shortly thereafter, another officer located the silver SUV in a subdivision near the scene and found Alvarez walking nearby and attempting to hide in some shrubbery. Alvarez initially denied she was the driver of the silver SUV, but eventually she admitted to driving it, crashing into the black SUV, and driving away from the scene. She also admitted "she thought there could have been injuries at the crash." Based on Alvarez's behavior, the officer suspected she was under the influence of drugs. Alvarez admitted to using marijuana and methamphetamine the prior night, and she later consented to a blood draw, which revealed methamphetamine and amphetamine.

The State charged Alvarez with felony leaving the scene of an injury accident, Idaho Code § 18-8007, and with misdemeanor operating a motor vehicle while under the influence of drugs or an intoxicating substance, I.C. § 18-8004. The State also alleged Alvarez was a persistent violator, I.C. § 19-2514. Alvarez pled not guilty and proceeded to trial.

At trial, the officer who responded to the scene testified that the driver of the black SUV told the officer that the driver "had neck and head pain and the children were also complaining of the same"; the driver "was also rubbing her neck quite often"; and the officer dispatched the paramedics to the scene. The driver of the black SUV testified that: "As I was waiting for the police officer to come, I started to notice that my neck and my shoulders and just up there, the back of my head, were pretty stiff and hurt pretty bad." Further, she testified that on a scale of one to ten "where one is not hurting," her pain level was "probably a five or a six."

The driver's daughter, A.L., testified that after the crash, A.H.'s mom drove to the scene and that the children sat in her car and watched a movie (apparently while the investigation ensued). A.L. testified further that, "during the movie, my neck started hurting really bad and my shoulders, and they were really stiff" and that her pain was "a four or a five" on a scale of one to ten. A.H. also testified that after the crash her "neck was hurting" and her pain was "[p]robably a six or seven" on a scale of one to ten. None of the occupants of the black SUV, however, were transported to the hospital, and the evidence does not reveal that any of them otherwise sought medical treatment after the crash.

In preparation for trial, the State proposed a jury instruction defining the term "injury" in I.C. § 18-8007:

> No specific degree of injury is required to find the defendant guilty of leaving the scene of an injury accident. An injury is defined as any physical harm or damage to a person's body.

Before the trial began, Alvarez objected to this proposed instruction:

THE COURT: So Instruction No. 16 says no specific degree of injury is required. Any objection to that one?

[ALVAREZ]:[1] Your Honor, I do object. I just--I do agree that it's an accurate statement of the law from [*State v. Mead*, 145 Idaho 378, 179 P.3d 341 (Ct. App. 2008)], but I'm hesitant to endorse departing from the ICJI.

THE COURT: Do you think it has the potential to mislead or confuse the jury? And if so, how?

[ALVAREZ]: I don't think it would necessarily mislead. And I think it could certainly come up with terms of being a possible appropriate answer to a question. I think if it's going to be included, then my request would just be that it be in the definition of injury as defined as any physical harm or damage to a person's body.

THE COURT: All right. So I'm noting [Alvarez's] objection to Instruction No. 16 for the record. If I understand the objection, it is that it is not an ICJI instruction, is that correct?

[ALVAREZ]: Yes, Your Honor.

After the close of evidence and before the district court instructed the jury, Alvarez's counsel reiterated his objection to the proposed instruction:

[ALVAREZ]: Your Honor, I'll just make a record of my prior objection to Instruction No. 15.[2]

THE COURT: Let's do that. Your objection to No. 15 is that you believe that it should not be given because it's not an ICJI instruction, but you do believe that it accurately states the law. And when I asked you yesterday, you did not identify a way in which it has potential to confuse or to mislead the jury. Is that an accurate statement?

---

[1]     The transcript indicates the prosecutor made this objection. On appeal, however, the State contends "the objection is misattributed to the prosecutor." We agree that based on the context of the comments, Alvarez's counsel--not the prosecutor--made this objection to the State's proposed instruction on injury.

[2]     The numbering of the jury instruction at issue apparently changed at some point. The parties do not dispute, however, that this objection related to the same instruction to which the district court earlier referred to as "Instruction No. 16."

[ALVAREZ]:     That's accurate, Your Honor.  And I think if it's to be included, my preference would be to just have the definition.  But with that, I'll submit.

THE COURT:    So in other words, you would request that if the Court were going to give the instruction, the Court would only instruct, quote, "An injury is defined as any physical harm or damage to a person's body," end quote?

[ALVAREZ]:     Yes, Your Honor.

Subsequently, the district court instructed the jury per the State's proposed jury instruction on "injury," which included the statement that "no specific degree of injury is required to find" Alvarez guilty of leaving the scene of an injury accident.  The jury found Alvarez guilty both of leaving the scene of an injury accident and of operating a motor vehicle while under the influence of drugs or an intoxicating substance, and she admitted to being a persistent violator.  Alvarez timely appeals, challenging only the conviction for leaving the scene of an injury accident.

## II.

## ANALYSIS

### A.    Sufficiency of Evidence

On appeal, Alvarez challenges the sufficiency of the evidence to support the jury's finding that she is guilty of leaving the scene of an injury accident.  Appellate review of the sufficiency of the evidence is limited in scope.  A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt.  *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991).  We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).  Moreover, we will consider the evidence in the light most favorable to the prosecution.  *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Further, substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence.  *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969).  In fact,

4

even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

In order to prove Alvarez left the scene of an injury accident, the State was required to prove beyond a reasonable doubt that the accident resulted in an injury; Alvarez "knew or had reason to know the accident resulted in injury"; and Alvarez willfully failed to stop, remain at the scene, provide information, and render aid. *See* I.C. § 18-8007(1)(a)-(e). Alvarez asserts that the State's evidence was not sufficient to prove any injury. Specifically, Alvarez argues that, "while a feeling of 'pain' could be a symptom indicating some physical damage or physical harm, this symptom alone does not meet the definition of 'injury'" in *Mead*.[3]

In *Mead*, this Court addressed the meaning of the word "injury" in I.C. § 18-8007. In that case, Mead struck a bicycle with his car, causing the rider "a scrape on her big toe." *Mead*, 145 Idaho at 379, 179 P.3d at 342. Although Mead initially stopped, he sped away when another vehicle stopped to investigate the collision. *Id.* at 380, 179 P.3d at 343. A jury found Mead guilty of leaving the scene of an injury accident. *Id.* Mead appealed, challenging the sufficiency of the evidence and arguing "a scraped toe" was "below the level of injury contemplated by the statute." *Id.* Addressing this argument, this Court stated:

> The word injury is not defined in the criminal code; however, its plain meaning is well understood. An injury is "any harm or damage." A physical or bodily injury is "physical damage to a person's body." If the legislature intended any meaning other than the plain and obvious meaning of the word injury, [it] could easily have chosen to apply this section only to serious physical injury.

*Id.* at 381, 179 P.3d at 344. Further, the Court concluded that "a scraped toe, was relatively minor, but it was nonetheless harm or damage to [the victim's] person" and that "the degree of injury does not eliminate the fact that [the victim] suffered an injury." *Id.* at 381, 382, 179 P.3d at 344, 345.

---

[3] Alvarez takes issue with the State referring to the pain of the occupants of the black SUV as "whiplash-type injuries"; contends no medical evidence supports the proposition the occupants suffered whiplash; and argues this Court should "disregard" the State's reference to "the source of the pain" as whiplash. We do not read the State's reference to whiplash, however, as asserting the occupants were medically diagnosed with whiplash, a fact the State did not prove. Rather, we construe the State's reference to "whiplash" in its appellate brief as a shorthand manner of describing the neck, head, and shoulder pain that the driver of the black SUV reported to the officer and about which the occupants testified.

We disagree with Alvarez's assertion that "pain" cannot constitute proof of an injury under I.C. § 18-8007. As Alvarez concedes, "a feeling of 'pain' could be a symptom indicating some physical damage or physical harm." The officer, who spoke to the driver of the black SUV, testified that the driver reported she "had neck and head pain and the children were also complaining of the same." Additionally, with the exception of K.L., the youngest child who did not testify, all of the occupants of the black SUV testified they felt pain after the crash, including describing the level of their pain on a pain scale. Further, both the driver and A.L. testified this pain lasted for more than a day. That the occupants reported and testified about feeling pain shortly after the crash is circumstantial evidence of their injuries and is sufficient to give rise to a reasonable inference that the crash caused those injuries. *See, e.g., Severson*, 147 Idaho at 712, 215 P.3d at 432 (ruling solely circumstantial evidence may constitute substantial evidence).

Alvarez also asserts the State's evidence was not sufficient to prove Alvarez had knowledge or reason to know of any injuries. In support, she repeatedly refers to the crash as just a "fender bender"; notes the absence of any blood or "a shattered window" at the scene; and argues that requiring her "to predict how the driver and/or occupants of the car would be feeling 20 to 30 minutes after the accident sabotages the rationale behind the knowledge element." Alvarez acknowledges, however, that the State is not required to prove a driver's knowledge of an injury by direct testimony; rather, the State may prove knowledge by circumstantial evidence. *Cf. State v. Parish*, 79 Idaho 75, 80, 310 P.2d 1082, 1084 (1957) (addressing prior statute and ruling knowledge of injury to another may be proven by surrounding facts and circumstances indicating knowledge).

The circumstantial evidence the State presented in this case is sufficient to give rise to a reasonable inference that Alvarez had reason to know the crash caused an injury. Contrary to Alvarez's assertion that the crash was simply a "fender bender," the evidence--including photographs of the SUVs--shows the damage to the vehicles was significant. For example, the impact of Alvarez's car pushed the black SUV about a car's length, rendered it "inoperable," and caused "glass [to be] everywhere" on the road. Meanwhile, Alvarez's car "had pretty severe front-end damage" including that "the radiator and everything [was] pushed back into the . . . engine compartment," the vehicle's hood was significantly bowed, and its front bumper was hanging off. Also, the officer who located Alvarez testified that the officer was surprised that Alvarez was able to drive her vehicle, that she admitted the damage to her vehicle was "pretty

6

severe," and that "she thought there could have been injuries at the crash." Based on this circumstantial evidence, the jury could have reasonably concluded Alvarez should have known the crash resulted in an injury.

## B.      Jury Instruction

Alvarez argues the district court erred by instructing the jury that "no specific degree of injury is required to find the defendant guilty." A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132; *Severson*, 147 Idaho at 710, 215 P.3d at 430. Thus, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). A requested instruction must be given if: (1) it properly states the governing law; (2) a reasonable view of at least some evidence would support the requesting party's legal theory; (3) the subject of the requested instruction is not addressed adequately by other jury instructions; and (4) the requested instruction does not constitute an impermissible comment as to the evidence. *State v. Edney*, 145 Idaho 694, 697, 183 P.3d 782, 785 (Ct. App. 2008). To be reversible error, the instructions as given must mislead the jury or prejudice the defendant. *Id.* Whether the trial court properly instructed the jury is a question of law over which we exercise free review. *Severson*, 147 Idaho at 710, 215 P.3d at 430. When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

Alvarez argues on appeal that the district court's instruction that "no specific degree of injury is required" to find her guilty of leaving the scene of an injury accident "was not an accurate statement of the law"; "it misled the jury"; and "it lowered the prosecutor's burden of proof." The State responds that Alvarez failed to preserve these arguments for appeal and that she has failed to assert the instruction constituted fundamental error. We agree with the State.

This Court will not consider issues raised for the first time on appeal. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Further, this Court will not hold that a trial court erred on a party's position on an issue that the court lacked the opportunity to address. *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). Contrary to Alvarez's appellate arguments, she twice acknowledged to the district court that the instruction was an accurate statement of the law and that she did not contend it was either misleading or

7

confusing. Rather, Alvarez's sole objection to the instruction at trial was that it was not an ICJI instruction. Alvarez has abandoned this argument on appeal. Because Alvarez raises new arguments on appeal, which the district court did not have the opportunity to address, she failed to preserve these issues for appeal. *See State v. Bodenbach*, 165 Idaho 577, 584, 448 P.3d 1005, 1012 (2019) (ruling arguments challenging jury instruction not raised at the trial level are not preserved for appeal); *State v. Richardson*, 168 Idaho 25, 32, 478 P.3d 754, 761 (Ct. App. 2020) (ruling challenge to jury instruction not preserved for appeal because defendant challenged instruction at trial court level on different basis). Further, Alvarez has also failed to raise a fundamental error argument, which is the only means by which she can challenge the instruction on appeal on a basis different than she raised at trial. *See Bodenbach*, 165 Idaho at 584, 448 P.3d at 1012 (noting fundamental error test is only means for appellate review of unpreserved challenge to jury instruction). Accordingly, we decline to address the merits of Alvarez's arguments challenging the jury instructions.

## IV.

## CONCLUSION

Substantial evidence supports Alvarez's conviction for felony leaving the scene of an injury accident. Alvarez failed to preserve her appellate challenge to the jury instruction defining "injury" but, regardless, that challenge fails on the merits. Accordingly, we affirm the judgment of conviction for felony leaving the scene of an injury accident.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.