# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51059

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 8, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSHUA GENE DICKSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Michelle M. Evans, District Judge.

Judgment of conviction for grand theft by receiving, possessing or disposing of stolen property, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Joshua Gene Dickson appeals from his judgment of conviction for grand theft by receiving, possessing or disposing of stolen property. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 14, 2021, Dickson was in the driver's seat of a red and white pick-up which was stopped in the southbound lane of Highway 95 near Riggins, Idaho. Driving after dark, a passing northbound truck driver (Davis) saw that the pick-up was stopped in the lane of travel with its engine running but no lights on. Davis could see the pick-up was occupied so he stopped and backed up to see if he could render assistance. At about the same time (despite Davis's efforts to provide a warning), a southbound semi-truck struck the pick-up. Davis exited his truck and saw that Dickson was in the driver's seat and that there was a passenger. Davis rendered aid to the

injured passenger who was pinned in the pick-up. When Davis helped Dickson (who was apparently not seriously injured) from the pick-up, Davis noticed a strong odor of alcohol on Dickson's breath and saw a bottle of whiskey on the floor of the pick-up. An officer on patrol came upon the scene. He, too, noticed a strong odor of alcohol on Dickson's breath and saw alcohol containers in the pick-up. Dickson initially claimed that he owned the pick-up and that he and the passenger were driving from Spokane. When the officer ran the pick-up's license plate, the officer found that the pick-up was owned by another person and had been reported stolen. Dickson was charged with aggravated driving under the influence and grand theft by possession of stolen property. He waived his right to a jury trial and, after a bench trial before the district court, he was found guilty of both charges. Dickson appeals, arguing that there was insufficient evidence to find him guilty of grand theft by possession of stolen property.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969). In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt.

2

*Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

## III.

## ANALYSIS

Idaho Code Section 18-2403(4) provides, in pertinent part, that a person commits theft when he or she "knowingly receives, retains, conceals, obtains control over, possesses, or disposes of stolen property, knowing the property to have been stolen or under such circumstances as would reasonably induce him [or her] to believe that the property was stolen." Dickson argues that the evidence presented at trial was insufficient to prove that he possessed the pick-up knowing that it was stolen or under circumstances as would reasonably induce him to believe that it was stolen.

Possession of recently stolen property without satisfactory explanation for such possession is a circumstance from which a trier of fact may infer knowledge that the property is stolen. *State v. Ashley*, 126 Idaho 694, 696-97, 889 P.2d 723, 725-26 (Ct. App. 1994). Evidence was admitted at trial showing that the owner of the pick-up left it at a repair shop in Spokane and that, when he went to pick it up on October 6, it was missing so he reported it had been stolen. He testified that he did not know Dickson or the passenger and that he had not given them (or anyone else) permission to take his pick-up. On October 14, Dickson was observed in the driver's seat of the pick-up seconds after the crash. When the officer questioned Dickson, he claimed to be the owner of the pick-up and admitted he was driving from Spokane. After Dickson was told that the pick-up was not registered to him, he became evasive, would not identify himself, claimed he had not been in the pick-up, and did not know how it got there. Later, Dickson gave the officer a false name. The evidence, viewed in the light most favorable to the prosecution, is sufficient to support the district court's finding that Dickson knew the pick-up was stolen.

Dickson argues his failure to satisfactorily explain his possession of the pick-up was due to his intoxication and because he had just been in a serious accident when he spoke to the officer. However, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *State v. Southwick*, 158 Idaho 173, 178, 345 P.3d 232, 237 (Ct. App. 2014).

3

**IV.**

**CONCLUSION**

Dickson has failed to show that there was insufficient evidence to find him guilty of grand theft by possession of stolen property. Therefore, Dickson's judgment of conviction for grand theft by receiving, possessing or disposing of stolen property is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.