**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50579**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 28, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RICHARD CRAIG CHRISTIANCY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgment of conviction for aggravated assault and order denying Idaho Criminal Rule 29 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Richard Craig Christiancy appeals from his judgment of conviction for aggravated assault. Christiancy argues the district court erred in denying his Idaho Criminal Rule 29(b) motion for judgment of acquittal because there was insufficient evidence for the jury to find him guilty of aggravated assault against K.W. Further, Christiancy argues his due process confrontation rights were violated because K.W. did not testify at trial. There was sufficient evidence to convict Christiancy. Christiancy's due process confrontation rights were not violated. Therefore, the order denying Christiancy's I.C.R. 29 motion and judgment of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After Christiancy drove his truck into a liquor store where workers and customers were present, the State charged Christiancy with five counts of aggravated assault with a deadly weapon,

1

Idaho Code §§ 18-901, - 905; felony malicious injury to property, I.C. § 18-7001(2); misdemeanor malicious injury to property, I.C. § 18-7001(1); misdemeanor excessive driving under the influence (DUI), I.C. § 18-8004C(1); misdemeanor battery, I.C. § 18-903; and misdemeanor failure to notify upon striking fixtures on highway, I.C. § 49-1304. The State also charged Christiancy with a deadly weapon enhancement, I.C. § 19-2520. The matter proceeded to a jury trial where the State called numerous witnesses, including customers at the liquor store, a store clerk, responding officers, emergency medical services (EMS) workers, and a detective who interviewed Christiancy after the incident. After the State rested, as relevant to this appeal, Christiancy moved for an I.C.R. 29 judgment of acquittal for the count of aggravated assault[1] against K.W., one of the store clerks in the store at the time. Christiancy argued the State failed to demonstrate that K.W. had a well-founded fear that violence was imminent because she did not testify. Christiancy also argued his due process confrontation rights were violated because K.W. did not testify and, as a result, he could not cross-examine her. The district court reserved its ruling on the motion until after the jury's verdict.

Christiancy did not testify or present any evidence. The jury found Christiancy guilty of four counts of felony aggravated assault, including the count that listed K.W. as the victim; felony malicious injury to property; misdemeanor DUI; misdemeanor battery; and misdemeanor failure to notify after striking a fixture. The jury acquitted Christiancy of one count of felony aggravated battery and one count of misdemeanor malicious injury to property. Christiancy pleaded guilty to the deadly weapon enhancement. Subsequently, the district court denied Christiancy's motion for judgment of acquittal of the aggravated assault charge against K.W. Christiancy timely appealed.

## II.

## STANDARD OF REVIEW

The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of

---

[1] Christiancy's Idaho Criminal Rule 29 motion was granted as to another count; that count is not at issue in this appeal.

2

proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

### III.

### ANALYSIS

Christiancy argues that the district court erred in denying his I.C.R. 29 motion for judgment of acquittal because there was insufficient evidence to convict him of the alleged aggravated assault against K.W. Christiancy also argues he was unable to confront K.W., which violated his procedural due process rights to confrontation pursuant to the Fifth Amendment to the United States Constitution and Art. I, § 13 of the Idaho Constitution. The State responds that there was sufficient evidence to convict Christiancy, and Christiancy's due process confrontation rights were not violated because the State did not introduce any statements from K.W.

To convict Christiancy of aggravated assault of K.W., the State was required to prove each element to the crime of aggravated assault. Thus, the State needed to prove that:

1. On or about April 12, 2022,
2. in the state of Idaho,
3. the defendant Richard Craig Christiancy committed an assault upon [K.W.]
4. by ramming his Ford F250 truck into the building where [K.W.] was standing, and
5. the Defendant committed that assault with a deadly weapon or instrument and/or by any means or force likely to produce great bodily harm.

The district court instructed the jury that an assault is committed when a person "intentionally and unlawfully threatens by word or act to do violence to the person of another, with

3

the apparent ability to do so, and does some act which creates a well-founded fear in the other person that such violence is imminent."

On appeal, Christiancy argues that the State failed to present sufficient evidence for the jury to find beyond a reasonable doubt that K.W. had a well-founded fear that violence was imminent. Christiancy asserts that because K.W. did not testify, the State was asking the jury to speculate, based on other witnesses' testimony, that K.W. felt afraid and believed she was in imminent danger when Christiancy drove into the store. The State responds that sufficient evidence was presented from which a rational jury could find that K.W. had a well-founded fear that violence was imminent.

When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

In denying Christiancy's I.C.R. 29 motion, the district court held that:

[T]here was a plethora of evidence at trial from people inside and just outside the liquor store before Mr. Christiancy drove his truck into the liquor store. There was so much testimony that the jury could easily infer, reasonably infer, all of the elements involving that victim regardless of whether or not that victim herself testified.

We agree with the district court that there was substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the challenged element beyond a reasonable doubt even without K.W.'s testimony, i.e., that Christiancy committed an aggravated assault on K.W. by accelerating and driving his truck into the liquor store. During the trial, the State presented witnesses who testified that Christiancy entered a liquor store and attempted to buy alcohol. A clerk working at the store refused to sell Christiancy alcohol because he was intoxicated. After this, Christiancy remained in the store for a couple minutes, before he requested to speak with the clerk. Christiancy whispered something in the clerk's ear, and then tried to grab and kiss her; the clerk was able to pull away from Christiancy. Christiancy remained in the store and gradually became irritated; he eventually left the store. Christiancy then got into his truck which was parked outside the liquor store. He reversed his truck, drove onto the street, turned back into the parking lot, accelerated, and rammed through the front door of the liquor store. Next, Christiancy put his truck in reverse, backed out

4

of the store, and drove away. Police officers who responded to the scene found Christiancy, placed him in handcuffs, called for EMS, and helped EMS transport Christiancy to the hospital.

A store clerk, S.D., testified that before Christiancy drove into the store, K.W. tripped in front of her, S.D. grabbed K.W., and they both ran away from the front of the store together moments before Christiancy's truck entered the building. After Christiancy left, S.D. testified that K.W. was in shock, as were the rest of the customers that witnessed what had just happened. When asked about the demeanor of the people in the store after the crash, another witness testified that everyone was "in a panic" and "absolutely horrified." On the issue of K.W.'s demeanor, an officer testified that he spoke with K.W. at the scene of the accident, and she was "very upset" and crying. The officer testified that he had to calm K.W. down multiple times before he could get her information. At trial, an audio recording with an investigator was played where Christiancy stated that he was angry at the people in the liquor store and that he intentionally drove his truck into the store because he wanted to scare them. The State also presented the jury with a store surveillance video of the incident where the jury could see K.W. fleeing from her position at the cash register as Christiancy drove into the liquor store and obliterated the cashier's area where K.W. had been standing.

Christiancy also argues that "there were multiple possible explanations as to why [K.W.] was upset and crying that night" and as a result, the State failed to present evidence that K.W. was fearful of Christiancy's act of driving the truck into the store, while it was happening. Here, while there may be multiple possible explanations for K.W.'s demeanor, those explanations do not negate the fact that the evidence was sufficient to establish that K.W. had a well-founded fear that violence was imminent. Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969). In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993). In this case, there was substantial evidence from which the jury could reasonably infer that K.W. had a well-founded fear that violence was imminent from Christiancy driving into the liquor store.

5

Finally, Christiancy argues the State was necessarily asking the jury to speculate, based on another witness's perception of K.W.'s state of mind after the fact, that K.W. felt afraid and believed she was in imminent danger at the time Christiancy drove into the store. In support of his argument, Christiancy points to the State's closing remarks, where it argued that the testimony of an officer who described K.W.'s demeanor proved that she was afraid, like the other witnesses. This statement was not asking the jury to speculate. Instead, it was a reasonable inference based on the evidence presented that K.W. had a well-founded fear that violence was imminent.

Next, Christiancy argues the district court erred by violating his due process confrontation rights because K.W. did not testify and, thus, he could not cross-examine her. The State responds that because K.W. did not testify, nor did the State introduce any statements made by her, the Sixth Amendment right to confrontation is not implicated; as a result, Christiancy fails to demonstrate his confrontation rights were implicated, much less violated. The Sixth Amendment provides that a criminal defendant shall have the right "to be confronted with the witnesses against him." U.S. CONST. amend VI. The Confrontation Clause only applies to witnesses against the accused--in other words, those who bear testimony. *State v. Stanfield*, 158 Idaho 327, 332, 347 P.3d 175, 180 (2015). The United States Supreme Court has determined that the language of the Confrontation Clause restricts it to testimonial hearsay. *Id.* Because K.W. did not provide any testimony during the trial, K.W. was not a witness against Christiancy and, thus, the Confrontation Clause does not apply.

Christiancy also argues that he had the right to confront K.W., in essence, arguing the State was required to call K.W. as a witness. However, Christiancy fails to provide any relevant argument or authority to support his argument. As such, Christiancy has waived his due process confrontation argument regarding the State's duty to call K.W. as a victim because a party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Thus, the district court did not err in denying Christiancy's I.C.R. 29 motion for judgment of acquittal.

## IV.

## CONCLUSION

The district court did not err in denying Christiancy's I.C.R. 29 motion for acquittal because there was sufficient evidence for the jury to find that K.W. had a well-founded fear that violence was imminent. Christiancy's Confrontation Clause rights were not violated because there

6

was no witness to confront. The order denying Christiancy's I.C.R. 29 motion and judgment of conviction are affirmed.

Judge LORELLO and Judge TRIBE, **CONCUR**.